IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

C & A INDUSTRIES, INC., a Nebraska corporation,

    Plaintiff/Counter-Defendant,

vs.

AUREON HR II, INC., an Iowa corporation, d/b/a AUREON or AUREON STAFFING f/k/a PORTICO STAFFING or MERIT STAFFING,

    Defendant/Counter-claimant.

8:17CV409

ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Amend the Complaint and Answer to Counterclaim ([Filing No. 23](#)).

## BACKGROUND

Plaintiff, a Nebraska staffing placement and recruitment business, commenced this action on October 24, 2017. ([Filing No. 1](#)). Plaintiff alleges in its Complaint that it has marketed its services over the last twenty years using the "AUREUS" mark, and that it owns several federally registered trademarks that include the AUREUS mark, including "AUREUS FINANCIAL," Registration No. 2,475,826. ([Filing No. 1 at p. 3](#)).

Plaintiff filed its original Complaint alleging that Defendant's family of companies, formerly known as Portico Staffing, "rebranded" itself as "Aureon" and "Aureon Staffing." Defendant is an Iowa corporation that does business in Nebraska. Plaintiff's Complaint contains claims against Defendant for service mark infringement under the Lanham Act,[1] trademark infringement, deceptive trade practices, unfair competition, and for violation of the Nebraska Consumer Protection Act.

Defendant filed an Answer and Counterclaim to Plaintiff's Complaint. ([Filing No. 11](#)). Defendant alleges Plaintiff abandoned three of its registered marks, AUREUS FINANCIAL,

---

[1] [15 U.S.C. § 1114](#) et seq.

AUREUS EXECUTIVE, and AUREUS FINANCE & ACCOUNTING, and requests that Plaintiff's registration of those marks be canceled.

In Plaintiff's initial Answer to the Counterclaim, filed on December 19, 2017, it admitted that it was not currently using the AUREUS FINANCIAL mark (Registration No. 2,475,826) and that it had "discontinued its use" of that mark "in all forms" or used the mark in commerce for more than three years. ([Filing No. 15 at p. 2](); [Filing No. 11 at pp. 13-14]()).

Plaintiff filed the instant motion for leave to amend its complaint and answer to the counterclaim because on January 23, 2018, Plaintiff filed a surrender of registration for cancellation of AUREUS FINANCIAL Registration No. 2,475,826. ([Filing No. 23]()). Plaintiff's proposed Amended Complaint removes its claim relating to the AUREUS FINANCIAL mark. Plaintiff's Amended Complaint also removes from its prayer for relief its request for statutory damages in the amount of $2 million for Defendant's willful conduct, pursuant to [15 U.S.C. § 1117(c)](). Plaintiff's proposed Amended Answer to the Counterclaim adds the defense of mootness to Defendant's claim for cancellation of the AUREUS FINANCIAL mark.

## ANALYSIS

Under [Federal Rule of Civil Procedure 15](), the Court should "freely give leave" to amend a pleading "when justice so requires." [Fed. R. Civ. P. 15(a)](). Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *[Amrine v. Brooks](), [522 F.3d 823, 833 (8th Cir. 2008)]()*(quotation and citation omitted).

Defendant opposes Plaintiff's motion solely to retain its status as the "prevailing party" under the Lanham Act. ([Filing No. 25]()); see [15 U.S.C. § 1117(a)]()("The court in exceptional cases may award reasonable attorney fees to the prevailing party."). Regardless of Defendant's desire to lock Plaintiff into its claims alleged in its original Complaint in order to potentially receive an award of attorney's fees at the conclusion of the case (for which a trial date has not even been set), Plaintiff's motion to amend must be analyzed in the context of [Rule 15(a)](). The Court's Order for Initial Progression of the Case ([Filing No. 19]()) provides April 1, 2018, as the deadline for parties to amend pleadings or add parties. Plaintiff timely filed the instant motion on March 2, 2018. The case is still in the early stages of progression and the Court has not yet set

discovery deadlines, a dispositive motion deadline, or a trial date. Defendant has not demonstrated undue delay or bad faith by Plaintiff, or that Defendant will suffer *unfair* prejudice. In consideration of the above, and considering that leave should be freely given, the Court finds Plaintiff's motion should be granted. Accordingly,

**IT IS ORDERED:** Plaintiff's Motion for Leave to Amend the Complaint and Answer to Counterclaim ([Filing No. 23](#)) is granted. Plaintiff shall file its proposed amended pleadings on or before April 16, 2018.

Dated this 29th day of March, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge